# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## CIVIL DIVISION

FALLS LAKE NATIONAL
INSURANCE COMPANY,

      Plaintiff,

  vs.

CYNTHIA McCLELLON, GM
EXPEDITE, LLC, and STEPHEN A.
JOHNSON

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.
3:26-cv-00931-JEP-MCR

## DEFENDANTS' MOTION TO ABSTAIN AND DISMISS
## AND TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Defendants, Cynthia McClellon, GM Expedite, and Johnson, move for

an order dismissing the above-captioned case in its entirety under the

*Brillhart/Ameritas* abstention doctrine. In the alternative, Defendants move

for partial dismissal under FED. R. CIV. P. 12(b)(1).

As grounds for this motion, Defendants rely on the incorporated

Memorandum in Support of Motion to Dismiss filed in the same document

as this Motion in accordance with Local Rule 3.01(a).

Accordingly, Defendants Cynthia McClellon, GM Expedite, and

1

Johnson move for an order dismissing the case in its entirety.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Knowing it was about to face a civil lawsuit over its flagrantly bad-faith conduct, Falls Lake National Insurance Company filed this suit for declaratory relief with the express intent of persuading this Court to preempt the now-pending state court proceeding by ruling on several issues that will be before the state court. Because procedural fencing is emphatically *not* an appropriate use of declaratory relief, this Court should decline jurisdiction over this matter. In any event, this Court must dismiss at least part of the case under FED. R. CIV. P. 12(b)(1) because a conflict is not ripe with respect to the claims addressing statutory bad faith.

### BACKGROUND

Although the dispute between these parties is somewhat complicated, the Court need not examine much of its history to see why this matter is due to be dismissed. Briefly, on July 27, 2021, Defendant Cynthia McClellon, and her friend, Aurella Williams, were driving northbound on State Highway 301 near Jacksonville, Florida. As McClellon and Williams slowed for a posted construction zone, Defendant Stephen A. Johnson—on an

2

assignment in his employer, Defendant GM Expedite's, eighteen-wheeled truck—plowed into the back of McClellon's Ford Explorer at a high rate of speed. Defendant McClellon suffered far and away the most severe injuries.

GM Expedite, through its owner, Mirza Geko, immediately reported the incident to Falls Lake. Rather than negotiating in good faith with McClellon—who again was, by far, the most injured claimant—and rather than communicating with Geko or Johnson about their risk of exposure, Falls Lake and its parent company, James River Insurance Company, proceeded to put themselves before their insureds. Moreover, they failed to hire competent counsel to defend GM Expedite and Johnson at trial.

As a direct result of Plaintiff and James River's conduct, a jury awarded Ms. McClellon $6.5 million in damages against Johnson and GM Expedite. The counsel provided by Plaintiff did not file an appeal.

On December 29, 2025, and  January 7, 2026, Defendant McClellon demanded that Falls Lake pay the judgment in full. No Defendant has provided a Civil Remedies Notice under FLA. STAT. § 624.155(3).

On April 20, 2026, Plaintiff filed this suit in direct and explicit response to Defendant McClellon's demands under state law.

On May 20, 2026, Defendants GM Expedite, Johnson, McClellon, and

3

non-party Geko sued Falls Lake and non-party James River for bad faith. Defendants GM Expedite and Johnson and non-party Geko also sued Falls Lake for breach of insurance contract for failure to provide an adequate defense and sued GrayRobinson and Richard Barry for legal malpractice. Ex. A, State-Law Complaint. Plaintiffs in the state-law case have already served Richard Barry and GrayRobinson (citizens of Florida). Ex. B, Summons.[1]

## SUMMARY OF THE ARGUMENT

Declaratory relief is not a matter of right. The Supreme Court and the Eleventh Circuit have repeatedly made clear that district courts not only can, but often should or must, abstain from hearing claims for declaratory relief. The quintessential case in which a court should decline to offer declaratory relief is where the party seeking relief is engaged in "procedural fencing" — attempting to run to federal court to preempt would-be plaintiffs from their choice of forum. Here, Falls Lake essentially admits that it is engaging in procedural fencing. Its admission that its very purpose in filing this lawsuit was to head off Defendants' action is alone a sufficient basis for dismissing

---

[1] This Court can take judicial notice of these documents filed in state court. *See Mohit v. City of Haines City*, No. 8:18-cv-1775-T-17JSS, 2019 U.S. Dist. LEXIS 127833, at *8 (M.D. Fla. 2019).

this lawsuit. But the other factors courts consider in determining whether to exercise jurisdiction, such as a desire to avoid piecemeal litigation, also weigh sharply in favor of declining to consider declaratory relief.

In any event, this Court must dismiss the statutory bad faith claims because the conflict is not ripe for adjudication and, therefore, this Court has no jurisdiction. A condition precedent has not occurred because Defendants have not provided a Civil Remedy Notice under FLA. STAT. § 624.155(3).

## ARGUMENT

**I.    This Court should decline to hear this matter.**

A.    *That this action was an explicit attempt to beat Defendants to court warrants this Court's declining to provide declaratory relief.*

"It is settled that whether a federal district court will entertain an action for declaratory judgment under 28 U.S.C. § 2201 rests in the sound discretion of the court." *Frito-Lay, Inc. v. Dent*, 373 F. Supp. 771, 773 (N.D. Miss. 1974) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). In *Brillhart*, the Supreme Court made clear that even if a district court had jurisdiction over a suit under the Declaratory Judgment Act, "it was under no compulsion to exercise that jurisdiction" and often *should* not do so when claims could be better addressed in state court. 316 U.S. at 494.

Unlike other abstention doctrines, under *Brillhart*, there is no presumption that a federal court exercise its jurisdiction absent exceptional circumstances. Just the opposite: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* at 495. "Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).

The Supreme Court declined in *Brillhart* to "attempt a comprehensive enumeration of . . . relevant factors governing the exercise of a District Court's discretion," but made clear that the core role of the District Court is to "ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. For that reason, courts have consistently held that a "suit for declaratory judgment aimed solely at wresting the choice

6

of forum form the natural plaintiff will normally be dismissed and the case allowed to proceed in the usual way." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 431 (7th Cir. 1993).

The federal Declaratory Judgment Act "is not intended to give alternative forums so as to draw federal and state courts into potential conflict, nor to encourage 'procedural fencing.'" *Duggins v. Hunt*, 323 F.2d 746, 748 (10th Cir. 1963); *see, e.g.*, *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974) ("The object of the statute … is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.") (internal quotation omitted) ; *Dow Jones*, 346 F.3d at 359 (explaining that declaratory relief is not an appropriate remedy where it is being used for "procedural fencing" or a "race to *res judicata*."); *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (same).

Such behavior is particularly noxious when employed as a means for a prospective tort defendant to "obtain a declaration of non-liability, or, failing in such an endeavor, to force all prospective claimants to submit their claims to the jurisdiction of the court for final determination." *Frito-Lay*, 373 F. Supp. at 773. "To compel potential personal injury plaintiffs to litigate

their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act." *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969); *c.f. Gulas & Stuckey, P.C. v. Hendelson*, 2008 U.S. Dist. LEXIS 128586, at *4-5 (S.D. Fla. Dec. 17, 2008) ("[F]ederal courts have historically resisted declaratory judgment actions brought by putative tortfeasors … seeking a declaration that the injured parties cannot recovery by reason of certain state law affirmative defenses.") (quotation omitted); *see also* Wright and Miller, Federal Practice and Procedure § 2765 (1974) ("[T]his result should not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim.").

Falls Lake's conduct here is almost the platonic form of procedural fencing. There is not anything subtle about what Falls Lake is doing. It candidly admits that the very reason its requested relief is ripe is because Defendant McClellon told it she intended to file her litigation imminently. *See* DE #1, at ¶ 21 ("*Based on McClellon's recent demands and stated intent to seek amounts in excess of … the Falls Lake Policy's $1,000,000 limit*, this suit is ripe") (emphasis added). It sued seeking a declaratory judgment that certain state tort claims fail. Falls Lake's admission is enough, standing alone, for this Court to decline jurisdiction over this declaratory action.

8

B.    *The* Brillhart/Ameritas *factors strongly support abstention and dismissal.*

In the nearly eighty years since *Brillhart*, Courts—including the Eleventh Circuit Court of Appeals—have identified additional factors to consider in deciding whether to exercise jurisdiction over declaratory judgments. A review of these factors shows that they overwhelmingly support declining to provide declaratory relief here.

At the outset, federal courts have identified two presumptively appropriate purposes for providing declaratory relief: One permissible purpose is to test the constitutionality of state statutes. *See, e.g.*, *Cleaver v. Wilcox*, 499 F.2d 940, 944 (9th Cir. 1974) ("Congress intended the declaratory judgment procedure … to be utilized to test the constitutionality of state statutes."); *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975) ("[T]he Declaratory Judgment Act was created to enable a federal court to determine the constitutionality of a statute without issuing a preliminary injunction… ."). A second acceptable purpose is to offer relief where there may be significant accrual of damages as litigants wait for an adversary to begin legal proceedings. *See, e.g.*, *Davis*, 490 F.2d at 543; *Sarafin v. Sears, Roebuck &*

9

*Co.*, 446 F. Supp. 611, 615 (N.D. Ill. 1978) (explaining that the purpose of declaratory relief is to avoid accrual of damages).

Neither of these two situations applies here. Falls Lake is not seeking a declaration as to the validity of a state law or state action. Nor is there a risk of significant accrual of damages. Defendants' damages for bad faith are determined by the verdict in the underlying case. Regardless, Falls Lake seeks avoidance of liability only and requests only declaratory relief. Nor will Falls Lake need to wait to obtain a ruling on the relief it seeks; GM Expedite, McClellon, Johnson, and Geko have already filed their action in state court and Falls Lake can assert its arguments there. If Defendants were forced to proceed in this Court, Defendants would still have to litigate the claims as (not-yet-filed-in-this-Court) counterclaims, and the issues are *already* further along in state court because Defendants have already filed their claims in state court.

Beyond these two situations, the Eleventh Circuit has set forth nine "guideposts" for courts to determine whether *Brillhart* abstention is appropriate. ***All nine weigh heavily against Falls Lake here***. A court should balance the following non-exclusive factors:

10

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

11

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).

This list is "neither absolute nor is any one factor controlling," *id.*, and a district court is under no obligation to consider every factor on the list, *Bright House Networks, LLC v. Pinellas Cty.*, No. 8:14-cv-1237-T-33TBM, 2014 U.S. Dist. LEXIS 135476, at *19 (M.D. Fla. Sep. 25, 2014); *see also Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 815 (11th Cir. 2008) (noting that the Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court has considered only two of the factors"). Ultimately, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." *Ameritas*, 411 F.3d at 1331. The so-called "first-filed" rule does not affect the analysis in this context because, after all, "the *Ameritas* factors *presuppose* the existence of a prior filed federal declaratory action." *Geico Gen. Ins. Co. v. Kastenolz*, 649 F. App'x 647, 650 (11th Cir. 2016) (emphasis added).

Here, the first, fifth, and ninth *Ameritas* factors weigh strongly in favor of abstention. *Geico Gen. Ins. Co. v. Lacayo*, No. 1:15-cv-20582-KMM, 2015 U.S. Dist. LEXIS 94790, at *8 (S.D. Fla. 2015), *affirmed sub nomine Kastenolz*, 649 F. App'x 647. As this Court pointed out under virtually identical factual

12

circumstances in a decision affirmed by the Eleventh Circuit, "Florida law, not federal law, governs the substantive issues presented in this case, giving Florida a strong interest in having the controversy decided in state court."

*Id.* As the *Lacayo* court explained in language that applies here with full force,

> Indeed, there is no substantive federal nexus to this cause of action—[the plaintiff insurance company's] claim presents only state law issues, and its public policy implications affect only Florida insurance contracts. Given Florida's strong interest in this case and its marginal significance elsewhere, federal jurisdiction over this action would only encroach on the province of the state court. Resolution by a state trial court, with review by a state appellate court, is therefore preferable.

2015 U.S. Dist. LEXIS 94790, at *8-9; *see also Employers v. Pool*, 625 F. Supp. 3d 1250, 1255 (S.D. Fla. 2022) ("[T]he coverage issues in this action are governed by state contract law, underscoring the state court's greater interest in resolving the factual issues present in this case.").

In this case, all of Falls Lake's claims are governed exclusively by state law. The state, thus, has a strong interest in resolving the claims. Parallel proceedings are likely to produce friction here because adjudicating Falls Lake's claims will necessarily require this Court to involve itself in the pending state court litigation. As in *Lacayo*, there is obviously a close nexus

13

between the underlying factual and legal issues and state law or public policy, and federal law simply has nothing to do with this case. Indeed, the Florida State Supreme Court recently emphasized the distinctively state-law nature Florida's bad-faith law. *See Harvey v. GEICO Gen. Ins. Co.*, 259 So. 3d 1, 3-4 (Fla. 2018) ("Not only did the Fourth District misapply our well-established bad faith precedent but it relied, in part, on nonbinding federal cases that cannot be reconciled with our clear precedent.").

The second factor, likewise, strongly favors dismissal because the federal action would *not* resolve the entire controversy. Falls Lake seeks declaratory judgment on Defendants' anticipated bad-faith claims. But in the state-court proceeding, Plaintiffs alleged claims against James River Insurance Company as well and also alleged breach-of-contract claims based on Falls Lake and James River's failure to provide an adequate defense. The instant action does not address GM Expedite and Johnson's breach-of-contract claims. Moreover, in the state case, Defendants also sued Richard L. Barry and GrayRobinson, P.A. for legal malpractice. Those intricately related claims simply cannot readily be resolved in this action.

The third factor also weighs strongly in favor of dismissal. The *Lacayo* court explained: "While [the insurance company's] declaratory action could

14

potentially resolve the issue of insurance coverage, the inefficiencies and judicial burden caused by the remaining state court claims would greatly outweigh any useful purpose in such resolution." 2015 U.S. Dist. LEXIS 94790, at *9. The same reasoning applies here. There is no sense resolving the bad-faith issues in this action while leaving the breach-of-contract issues to be dealt with by the state court, since those claims involve many of the same underlying issues and factual circumstances at issue here. Thus, "the inefficiencies and judicial burden caused by the remaining state court claims would greatly outweigh any useful purpose in such resolution." *Id.* Defendants have already filed their affirmative claims in state court but have not yet in this Court. No one can remove the state case to federal court because Florida defendants (GrayRobinson and Barry) have been properly joined and served in that case. 28 U.S.C. § 1441(b)(2) (noting that claims otherwise removable under the diversity jurisdiction statute "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

As noted in the section above, the fourth factor weighs strongly, if not decisively, in favor of abstention. Plaintiffs filed this action *expressly* to beat Defendants to the court in a race to *res judicata*. Defendants filed suit in

15

response to demand letters from Ms. McClellon by their own admission. *See* DE #1, at ¶ 21. The now-filed state court action is "not otherwise removable" to federal court under 28 U.S.C. § 1441(b)(2). Plaintiff's procedural fencing is especially noxious in this case because Defendants could not have filed suit immediately on the statutory bad faith claim because Defendants have not yet filed a Civil Remedies Notice (and would need to wait 60 days after filing one if they had). Because of the statutory requirement, would-be defendants could *always* forum shop while the would-be plaintiff waited the 60 days. The purpose of a CRN is to give the insurance company a chance to resolve the claims—not to deprive would-be plaintiffs of their chosen forum.

The sixth factor dictates that federal declaratory relief ought to be unavailable where "there is an alternative remedy that is better or more effective." *Nucor*, 28 F.3d at 579. Here, one such alternative remedy is readily apparent. An already-pending state court proceeding will resolve all claims arising out of this dispute as to all parties. No additional benefit is triggered by initiating a parallel proceeding in federal court. Indeed, the state-court venue is far better, *even for Plaintiff*, because (1) Defendants have already filed their affirmative claims in state court; (2) the state court will be able to resolve the breach-of-contract claims and the professional misconduct

16

claims against Richard Barry and GrayRobinson; and (3) the state court will be able to determine the rights and obligations of Mr. Geko and James River. As in *Lacayo*, "The state court can provide an alternative remedy that is better and more effective: *it can dispose of the entire controversy at once*. Adjudication of multiple claims by a single court is no doubt better and more effective." 2015 U.S. Dist. LEXIS 94790, at *9-*10 (emphasis added).

Finally, the seventh and eighth *Ameritas* factors strongly favor abstention. "[T]he seventh and eighth *Ameritas* factors, which go to the importance of the underlying factual issues to the resolution of the case and the court best positioned to evaluate them, require deference to the state court." *Id.* at *10. In this case, all of the underlying factual issues are related to Florida state law. The underlying truck wreck took place in Florida, and all the negotiations took place in Florida. McClellon is a Florida resident. The trial took place in Florida. Because this case involves applying Florida law to Florida facts, the Florida state court is better positioned to evaluate it.

In short, this is not a close question. All of the *Brillhart/Ameritas* factors weigh in favor of dismissal. It is hard to imagine a case where abstention would be more appropriate.

## II.    In any event, any claim involving statutory bad faith is not ripe.

17

In the unlikely event it exercised jurisdiction, this Court would have to dismiss the claims involving statutory bad faith under FED. R. CIV. P. 12(b)(1) because the claims are not ripe. Defendants have not filed the required Civil Remedy Notice under FLA. STAT. § 624.155(3). This notice is a condition precedent to filing statutory bad faith claims. Accordingly, these claims are not ripe, and this Court lacks jurisdiction to adjudicate them.

Under the federal Declaratory Judgment Act, a declaratory judgment may only be issued in the case of an "actual controversy." 28 USC § 2201. This requirement echoes the "case or controversy" mandate of Article III of the U.S. Constitution. Courts have consistently held that for a declaratory judgment to be ripe, there must be a *current* controversy. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

Under Florida law, a statutory bad faith claim is not ripe until the plaintiff has filed a Civil Remedy Notice. *See Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1208 (S.D. Fla. 2013) ("As a condition precedent to filing an action for statutory insurer bad faith pursuant to Fl. Stat. § 624.155, an

18

insured must file a CRN with the Department of Financial Services and serve same upon the insurer."). Plaintiff does not allege that Defendants have ever filed a Civil Remedy Notice in this case — and, in fact, they have not and may never do so since such a notice is not required for common-law claims.

Because Defendants have not filed a Civil Remedy Notice, their statutory bad faith claim is not ripe. *See Laxman v. Safeco Ins. Co.*, No. 2:14-cv-14413-RLR, 2015 U.S. Dist. LEXIS 22582, at *2 (S.D. Fla. Feb. 25, 2015) ("Where a plaintiff has not filed a civil remedy notice of insurer violation against the defendant, any purported bad faith claim is not ripe…). But by the same token, Plaintiff's declaratory judgment action, in so far as it alleges that Plaintiff is not liable for *statutory* bad faith is also not ripe and is subject to dismissal. Whether or not Defendants file a Civil Remedy Notice is exactly the sort of "contingent future events that may not occur as anticipated, or indeed may not occur at all" that deprives this Court of jurisdiction under the federal Declaratory Judgment Act. 523 U.S. at 300.

Accordingly, even in the unlikely event it exercises jurisdiction over *any* part of this case, this Court must dismiss Plaintiff's claims to the extent they seek a declaratory judgment on the statutory bad faith claim.

## CONCLUSION

19

This Court should abstain, dismissing this case under the *Brillhart/Ameritas* factors. It is hard to imagine a case more fit for dismissal under those factors. In the unlikely event this Court does not dismiss the entire case, it should at least dismiss the claims related to statutory bad faith under FED. R. CIV. P. 12(b)(1) because such claims are not ripe.

Respectfully Submitted,

By:   */s/ E. Kirk Wood*
E. KIRK WOOD (#831816)
Attorney for Plaintiff

**OF COUNSEL:**
**E. KIRK WOOD**
**MICHAEL E. GURLEY, JR.**
**WOOD LAW FIRM, LLC**
P. O. Box 382434
Birmingham, Alabama 35238-2434
Telephone:  (205) 612-0243
Facsimile:  (866) 747-3905
Kirk@Woodlawfirmllc.com
mgurleyjr@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of June 2026, electronically filed and/or mailed a copy of the foregoing to the following:

Rory Eric Jurman, Esquire
Hinshaw & Culbertson, LLP
201 E. Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301
Telephone:  954-467-7900

20

Facsimile:  954-467-1024
Email:  rjurman@hinshawlaw.com
        vharris@hinshawlaw.com

/s/ *E. Kirk Wood*
E. Kirk Wood

## LOCAL RULE 3.01(g) MOTION

Defendants' counsel, Kirk Wood, conferred with counsel for the opposing party. Plaintiff is opposed to the relief requested in this motion. The parties conferred by phone June 1, 2026.

/s/ *E. Kirk Wood*

E. Kirk Wood

22